UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAK FRANKLIN HAY, | No. 2:15-cv-2049-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has moved for summary judgment. ECF No. 13. The Commissioner opposes plaintiff's motion and moves to remand the action pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 18. For the reasons discussed below, plaintiff's motion for summary judgment is granted in part, the Commissioner's motion to remand is granted, and the matter is remanded for further proceedings.

I.  BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that he had been disabled since November 7, 2007. Administrative Record ("AR") 266-272. His application was denied initially and upon reconsideration. *Id.* at 171-174, 178-183. On August 12, 2013, a

1

hearing was held before administrative law judge ("ALJ") Peter F. Belli. *Id.* at 50-108. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id.*

On November 22, 2013, the ALJ issued a decision finding that plaintiff was not disabled under section 216(i) and 223(d) of the Act. *Id*. at 151-160. The Appeals Council subsequently granted plaintiff's request for review, vacated the ALJ's decision, and remanded the matter to the ALJ for further consideration of plaintiff's claim. *Id*. at 166-169.

Another hearing was held before the ALJ on September 12, 2014, at which plaintiff and a vocational expert testified. *Id*. at 29-49. The ALJ issued a new decision on January 7, 2015, again finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential

10-22. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since November 7, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following medically severe impairments: status/post ankle fusion, traumatic brain injury (TBI), acute osteomyelitis involving ankle and foot, chronic pain due to trauma, posttraumatic stress disorder (PTSD), major depression and anxiety disorder (20 CFR 404.1520(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). In particular, the claimant could lift/carry, push/pull, 20 pounds occasionally, 10 pounds frequently; he can sit for eight hours in an eight-hour workday with normal breaks. He can stand/walk [for] two hours in an eight-hour workday with normal breaks. He is restricted to no climbing of ladders/ropes/scaffolds, occasional balancing, stooping, kneeling, crouching and crawling. He is able to understand, remember and carry out simple job instructions. He can perform occasional detailed but no complex tasks. He can frequently interact with coworkers, supervisors, and the general public. He is able to frequently adjust to changes in the workplace and make workplace judgments.

\* \* \*

6. The claimant has no past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born on [in] 1974 and was 33 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

---

evaluation process proceeds to step five. *Id.*

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 7, 2007, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 12-22.

Plaintiff's request for Appeals Council review was denied on July 29, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

II.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.  ANALYSIS

The issues raised in this case are not easily discernable from plaintiff's brief. The "Argument" section of the opening brief raises only the argument that the ALJ erred in

4

considering the opinion of plaintiff's treating psychiatrist, Dr. Clark.  ECF No. 13 at 19-23.  However, the "Introduction" section, as well as subsequent sections summarizing the evidence and the ALJ's findings, include the assertion that the ALJ improperly discredited plaintiff's testimony.  *Id*. at 7, 9, 14-15.  In various scattered locations throughout the brief, plaintiff also advances arguments challenging the ALJ treatment of third-party statements and purported opinions from various physicians, but these arguments are mostly made in passing and are poorly developed.  *See, e.g., id*. at 7 (arguing ALJ improperly rejected statements from plaintiff's wife and coworker, but failed to identify any specific statements made by these individuals); 10-11 (listing various medical records the ALJ ignored and/or gave no weight, but failing to discuss the content of many of the records or explain how such records undermine the ALJ's decision); 14 (arguing that the ALJ misrepresented and/or ignored opinions from plaintiff's foot surgeon Dr. Song and neuropsychologist Dr. Cook without identifying any specific opinion from these physicians).

Evaluation of plaintiff's arguments is further impeded by counsel's misunderstanding of the definition of a medical opinion.  As noted, plaintiff's main argument is that the ALJ erred in considering the opinion from his treating psychiatrist Dr. Clark.  Yet the brief fails to identify any specific opinion from Dr. Clark regarding his functional limitations.  *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restriction.").[2]

/////

---

[2] For example, plaintiff contends that "Dr. Clark opined [that plaintiff] '[h]as avoided some family gatherings so he wouldn't get triggered.  Went shopping with wife and found himself getting agitated so went [sic] and sat in car . . . Having memory difficulties so writing notes.'"  ECF No. 13 at 19 (quoting AR 491).  This statement is simply Dr. Clark's summary of plaintiff's subjective complaints.  It is not a statement of Dr. Clark's judgements about the nature, severity, or limiting effect of plaintiff's impairments.  *See* AR 491.  This is merely one example.  Unfortunately, plaintiff's brief consistently construes summaries of subjective complaints as medical opinions from plaintiff's treating physicians and then argues that the ALJ rejected various treating "opinions" without sufficient justification.  *See generally* ECF No. 13.

Turning to the arguments that can be discerned from plaintiff's brief, he claims that the ALJ failed to consider significant portions of the medical record, including from Dr. Clark, the treating psychiatrist. He then contends that the improperly disregarded evidence undermines the ALJ's finding that plaintiff is not credible and that he has the residual functional capacity ("RFC") to perform gainful activity. It is plaintiff's position that had the ALJ credited plaintiff's testimony and the opinion of Dr. Clark, plaintiff would have been found disabled based on the testimony of a vocational expert. ECF No. 13 at 23. For those reasons, plaintiff contends that this case must be remanded solely for the calculation of benefits. *Id*.

The Commissioner concedes "that the ALJ erred in his January 7, 2015 decision," but argues that the case should be remanded for further consideration and findings regarding the medical evidence of record, plaintiff's credibility, and his RFC, not for payment of benefits. ECF No. 18 at 4. Thus, the only issue is determination of the proper remedy.

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." B*enecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407. Moreover, a court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Plaintiff contends that remand for payment of benefits is the appropriate remedy because the record is fully developed and it is clear that plaintiff is disabled based on "Dr. Clark's opinion that [plaintiff] would have headaches two or more times a month" and the VE's testimony that "the frequency of [plaintiff's] missing work as found by Dr. Clark would preclude employment." ECF No. 13 at 23.

The argument is unavailing. Most significantly, it is premised on a mischaracterization of the record. Plaintiff cites to Dr. Clark's treatment note dated August 15, 2011, which indicates that plaintiff was "[h]aving migraines from 1-4 days monthly." AR 466. That statement, however, is taken from Dr. Clark's summary of plaintiff's subjective complaints. It is not, as plaintiff contends, a statement of Dr. Clark's opinion regarding plaintiff's functional limitations. *See* 20 C.F.R. § 404.1527(a)(2).[3]

As noted by the Commissioner, ambiguities and conflicting evidence makes remand for payment of benefits inappropriate here. By way of example, one of Dr. Clark's treatment records reflects that plaintiff's "[h]eadaches have been less frequent and that he only used" his medication twice since the prior visit, which was more than a month earlier. AR 491, 518-519. At a subsequent visit, plaintiff reported that his "migraines are less frequent, about once weekly now." *Id*. at 461. However, a more recent treatment note indicates that plaintiff reported "ongoing, daily, and severe headaches despite taking" his medication.[4] *Id*. at 959. The conflicting evidence and ambiguities should be considered and resolved by the ALJ in the first instance and not this court. *See Edlund v. Massanari*, 253 F.3d at 1156 ("the ALJ is responsible for determining

---

[3] Furthermore, even had Dr. Clark's actually opined that plaintiff would experience migraines 1-4 days a month, it would hardly equate to a finding that plaintiff is precluded from work

[4] Aside from evidence concerning plaintiff's headaches, plaintiff identifies other evidence in the record that was ignored or mischaracterized by the ALJ. *See generally* ECF No. 13. The court need not address this evidence as it does not relate to plaintiff's argument that remand for payment of benefits is the only appropriate remedy and the ALJ will be required to reconsider all relevant evidence on remand. *See Robbins v. Soc. Sec. Admin.* , 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.") (internal quotations omitted).

credibility, resolving conflicts in medical testimony, and resolving ambiguities."); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (holding that the appellate court "cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts.").

Given the conflicting evidence, the matter must be remanded for further consideration. *See Dominguez*, 808 F.3d at 407 (in deciding whether to remand for further proceedings, the court "must determine whether [the record] is fully developed, is free from conflict and ambiguities, and all essential factual issues have been resolved.") (quotations omitted).

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted in part;
2. The Commissioner's motion to remand is granted;
3. The matter is remanded for further proceedings consistent with this order; and
4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 30, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE