UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAK FRANKLIN HAY, | No. 2:15-cv-2049-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 22. He seeks fees in the amount of $8,335.19 based on 25.7 hours at a rate of 191.70 for work performed by attorney Robert Weems and 26.25 hours of work performed by Mr. Weems's law clerk, Andrew Ragnes, at rates ranging from $125 to $135 per hour.[1] *See* ECF No. 22-1 at 1-3. Plaintiff also seeks reimbursement of expenses incurred in litigating this action in the amount of $48.04. *Id*. at 3. The Commissioner agrees that plaintiff is entitled to attorney's fees and expenses, but argues that the number of hours claimed is unreasonable and should be reduced accordingly. ECF No. 24. For the following reasons, plaintiff's motion is granted in part.

---

[1] In his declaration, Mr. Weems explains that Mr. Ragnes is a law school graduate and is employed as a law clerk/legal assistant providing paralegal equivalent services. ECF No. 22 ¶ 4. For work performed by Mr. Ragnes, plaintiff seeks $125 an hour for work performed in 2015, $130 for work performed in 2016, and $135 for work performed in 2017. ECF No. 22-1.

1

I.   Reasonableness of Fee Request

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. "[A]n award of fees should be properly apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

Here, the Commissioner does not object to plaintiff's hourly rate but contends that the number of hours expended by plaintiff's counsel was unreasonable.[2] ECF No. 24 at 2-8. First, the Commissioner argues that Mr. Weems and Mr. Ragnes performed redundant and duplicative work in preparing plaintiff's motion for summary judgment. *Id*. at 4. Counsel is required to "exercise 'billing judgment,' which means that she should exclude from her request 'hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours' from the client's bills." *Navarro v. General Nutrition Corp.*, 2004 WL 2648373, at *9 (N.D. Cal. Nov. 19, 2004) (quoting *Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.")). "A district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (citing *Moreno v. City of*

---

[2] The Commissioner does not object to plaintiff's request for $48.04 for reimbursement of expenses. The Commissioner, however, does request that the $5.00 reimbursement plaintiff seeks for copying documents be paid out of the Judgment Fund, rather than the Commissioner's fund, since charges for copying documents are costs—not expenses—which are administered by the Department of Justice. *See* 28 U.S.C. § 2412(a)(1); *see also Lopez v. Astrue*, 2011 WL 1211562, at *1 (D. Ariz. Mar.30, 2011) ("[C]osts, unlike expenses, are administered by the Department of Justice."). The request is granted. The $5.00 plaintiff seeks for copying documents shall be paid out of the Judgment Fund, with the remaining $43.04 to be paid from the Commissioner's fund.

*Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). But where a greater reduction is imposed, the district court "must provide a clear and concise explanation for why it chose the specific percentage to apply." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013).

Counsel's billing records reflect that Mr. Weems and Mr. Ragnes performed duplicative work, which proper billing judgment should have eliminated. Mr. Ragnes spent 14.5 hours reviewing the administrative record and completing a "final draft" of the motion for summary judgment, which was then provided to Mr. Weems for his review. ECF No. 22-1 at 1. Mr. Weems spent 5.9 hours conducting his own review of the administrative record and an additional 12.2 hours reviewing and revising Mr. Ragnes's draft. Certainly Mr. Weems was obligated to review and revise Mr. Ragnes's work to comply with Rule 11 of the Federal Rules of Civil Procedure. But expending more than 18 hours "reviewing and revising" the draft Mr. Ragnes completed in less than 15 hours indicates that Mr. Weems was required to essentially redraft, rather than revise, Mr. Ragnes's work. The government should not be required to pay fees for both the time Mr. Ragnes spent preparing his draft as well as the of time Mr. Weems spent redrafting the motion for summary judgment. *See Hoefle v. Colvin*, 2014 WL 5217041, at * 6 (E.D. Cal. Oct. 14, 2014) (citing *Hensley*, 461 U.S. at 434) ("Counsel fees should not include excessive, redundant, or otherwise unnecessary time such as that attributable to the supervision or correction of a junior attorney."). Given the inefficiency or redundancy in work, the fees awarded to plaintiff are reduced to the 18.1 hours Mr. Weems spent rewriting plaintiff's motion for summary judgment, and the 14.5 hours expended by Mr. Ragnes on this same task are excluded.

The reduction to 18.1 hours for the preparation of the motion for summary judgment is also appropriate given the poor quality of the briefing received by the court. As observed in the court's remand order:

> The issues raised in this case are not easily discernable from plaintiff's brief. The "Argument" section of the opening brief raises only the argument that the ALJ erred in considering the opinion of plaintiff's treating psychiatrist, Dr. Clark. ECF No. 13 at 19-23. However, the "Introduction" section, as well as subsequent sections summarizing the evidence and the ALJ's findings, include the assertion that the ALJ improperly discredited plaintiff's testimony. *Id*. at 7, 9, 14-15. In various scattered locations throughout the brief, plaintiff also advances arguments challenging the ALJ treatment of

3

> third-party statements and purported opinions from various physicians, but these arguments are mostly made in passing and are poorly developed. *See, e.g., id.* at 7 (arguing ALJ improperly rejected statements from plaintiff's wife and coworker, but failed to identify any specific statements made by these individuals); 10-11 (listing various medical records the ALJ ignored and/or gave no weight, but failing to discuss the content of many of the records or explain how such records undermine the ALJ's decision); 14 (arguing that the ALJ misrepresented and/or ignored opinions from plaintiff's foot surgeon Dr. Song and neuropsychologist Dr. Cook without identifying any specific opinion from these physicians).
>
> Evaluation of plaintiff's arguments is further impeded by counsel's misunderstanding of the definition of a medical opinion. As noted, plaintiff's main argument is that the ALJ erred in considering the opinion from his treating psychiatrist Dr. Clark. Yet the brief fails to identify any specific opinion from Dr. Clark regarding his functional limitations.

ECF No. 20. In short, the plaintiff's brief in support of the summary judgement motion was largely unhelpful. Awarding fees based on 18.1 to complete the 19-page (excluding caption page and table of authorities) that provided little assistance to the court in identifying, much less addressing, the pertinent issues is more than reasonable under the circumstance.[3]

Next, the Commissioner opposes any fees for work performed by counsel and his law clerk in preparing a reply to the Commissioner's motion to remand. ECF No. 24 at 5. After plaintiff filed his motion for summary judgment, the Commissioner offered to stipulate to remanding the case for further proceedings. ECF No. 18 at 3; ECF No. 22-1 at 2. Plaintiff declined the offer, insisting that remand for payment of benefits was the appropriate remedy. The Commissioner subsequently filed a motion to remand in which she conceded "that the ALJ erred in his January 7, 2015 decision," but argued that remand for further proceedings—not for payment of benefits—was the appropriate remedy. ECF No. 18 at 4. In response, plaintiff filed a four-page opposition (excluding caption page and table of authorities), with the first page consisting of the case's procedural history and the last page consisting almost entirely of a conclusion section that rehashed the arguments from the prior two pages. According to counsel's

---

[3] Mr. Weems has represented numerous individuals in social security cases and the court is familiar with his work product. The quality of the brief submitted in the instant action is not reflective of the briefing typically submitted by Mr. Weems.

billing statement, counsel and his law clerk spent 10.9 hours (2.8 by Mr. Ragnes and 8.1 by Mr. Weems) preparing the opposition that contained only two pages of substantive arguments. Billing for nearly 11 hours for two pages of actual argument is, in a word, excessive. But the single argument briefed in the opposition—an argument for remand for payment of benefits, not further proceedings—was ultimately rejected by this court. Although plaintiff is entitled to a fee award as the prevailing party, he is not entitled to fees for work performed on unsuccessful claims or arguments. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."). Accordingly, plaintiff is not entitled to fees for the 10.9 hours spent drafting his unsuccessful opposition to the Commissioner's motion to remand.

The Commissioner also argues that plaintiff is not entitled to fees for two hours Mr. Ragnes spent reviewing the administrative record on May 25, 2016. ECF No. 24 at 5. As observed by the Commissioner, that particular review of the administrative record was performed over a month after plaintiff had filed his motion for summary judgment and more than two weeks before the Commissioner proposed stipulating to remand. *See* ECF No. 13; ECF No. 22-1 at 2. No explanation has been offered for why Mr. Ragnes needed to again review the administrative record on that date. Plaintiff has failed to establish his entitlement to fees for this task and the two hours will be excluded. *See Hensley*, 461 U.S. at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended . . . .").

Finally, the Commissioner argues that plaintiff improperly seeks fees for tasks Mr. Ragnes performed that were either clerical or should have been completed in less time, including the following tasks: "0.5 hours to prepare and file a pro forma four-paragraph complaint that did not require detailed arguments or facts; 0.5 hours to provide documents to a U.S. marshal and file a boilerplate proof of service; 0.3 hours to prepare and file a magistrate consent form; .07 hours to proofread, create a table of authorities, and e-file a brief; and 1 hour to assemble billing records." ECF No. 24 at 6; *see* ECF No. 22-1 at 1, 3.

/////

The Ninth Circuit has explained that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1993); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). "[C]osts associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." *Bakeell v. Astrue*, 2013 WL 638892, at * 3 (D. Or. Jan. 9, 2013) (citing *Jenkins*, 491 U.S. at 288 n.10).

Filing a boilerplate complaint, providing service documents to the U.S. Marshal, completing a proof of service, and preparing and filing consent forms are tasks that can be completed by clerical staff. *See, e.g., Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) (finding that time "spent preparing documents for representation (.5), drafting and filing the complaint and other initiating documents (.8) completing and filing a consent to proceed before a magistrate judge form (.1), and drafting letters and preparing documents related to representation and service of process (1.1) . . . could have been completed by experienced support staff). Similarly, time spent by Mr. Ragnes creating a table of authorities and conducting a final proofread of Mr. Weem's draft of the motion for summary judgment could have also been completed by clerical staff. However, Mr. Weems necessarily spent time reviewing these documents prior to submission, which is time that is compensable.[4] Accordingly, the court will award Mr. Weems one hour in fees for preparing the complaint and reviewing the other documents.

The one-hour entry for assembling billing records "for EAJA" (ECF No. 22-1 at 3), is not excessive or unreasonable. The billing entry appears to encompass all work performed on plaintiff's EAJA motion, as there are no other entries regarding the preparation of the instant

---

[4] Although counsel's billing records demonstrate that Mr. Ragnes prepared the documents, it is Mr. Weems signature that appears on each document that was filed with the court. *See* ECF Nos. 1, 6. For Mr. Weems to discharge his obligations under Rule 11, he would have been required to review each document prior filing. *See* Fed. R. Civ. P. 11(b).

motion.[5] Time spent seeking a fee award is compensable, and the one hour spent completing that task was reasonable. *See Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992).

Based on the foregoing, Mr. Weems reasonably spent 19.1 hours completing plaintiff's motion for summary judgment (18.1 hours) and reviewing documents prepared by Mr. Ragnes (1 hour). But plaintiff's request will be reduced by 8.1 hours for the time Mr. Weems spent preparing the unsuccessful opposition to the Commission's motion to remand. As for work performed by Mr. Ragnes, the 25.7 hours sought is reduced by 21.3 hours for the duplicative work he performed in preparing plaintiff's motion for summary judgment (14.5 hours), time spent drafting plaintiff's reply brief (2.8 hours), the unnecessary review of the administrative record in May 2016 (2 hours), and the performance of clerical tasks (2 hours). Accordingly, plaintiff will be awarded fees based on 4.4 hours of time Mr. Ragnes reasonably spent on this case.

Although the Commissioner does not specifically challenge the hourly rate sought for work performed by either Mr. Weems or Mr. Ragnes, the court is obligated to independently review the reasonableness of the rate requested. *See Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992) (district courts have a "duty to independently review the applicant's fee request."); *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 897 (E.D. Cal. 2009) ("[T]he court has an independent duty to review the fee request for reasonableness, notwithstanding the opposing party's objections or the absence thereof."). Having reviewed the requested rates, the court finds that the rates sought for Mr. Ragnes's work is excessive. "[A] prevailing party that satisfies

---

[5] In his declaration Mr. Weems "request[s] an additional hour of time . . . for meet and confer on settlement of the EAJA request," which is not reflected in his billing statement. ECF No. 22 ¶ 10. Mr. Weems provides no further discussion regarding the meet and confer effort, and the Commissioner's counsel contends that Mr. Weems made no effort to stipulate to fees prior to filing the instant motion. ECF No. 24 at 3. Instead, the Commissioner's counsel contends that at 5:23 p.m. on the day before plaintiff's fee motion was due, Mr. Ragnes emailed a request for a 14-day extension of time to file a fee motion. Declaration of Margaret Branick-Albilla (ECF No. 24-1) ¶ 3. However, "Mr. Ragnes's email did not attempt to meet and confer, it said nothing about Plaintiff's intent to seek $8,383.23 in fees and expenses, and it contained no billing information for Defendant's counsel to review." While defense counsel was considering that request, Mr. Weems filed the instant motion. *Id.* ¶ 5. In light of defense counsel's representations, and plaintiff's failure to contest those averments, there is no basis for awarding fees for Mr. Weems's purported meet and confer efforts.

7

EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Courts in this district have recently found that the prevailing rate in this district for work performed by a paralegal is $100 per hour. *Lara v. Berryhill*, No. 2:16-cv-34 DB, 2017 WL 4679989, *3 (E.D. Cal. Oct. 18, 2017) (holding that the prevailing market rate for work performed by paralegals in the Easter District of California is $100 an hour); *McCarty v. Humphrey*, No. 2:13-cv-0431 KJM AC, 2016 WL 4899194, at *5 (E.D. Cal. Sept. 15, 2016) (awarding paralegal rates of $85 and $100 per hour); *see also Pointer v. Bank of America, N.A.*, No. 2:14-cv-0525 KJM CKD, 2016 WL 7404759, at *17 (E.D. Cal. Dec. 21, 2016) (reasonable rate for paralegals is $75 per hour); *Joe Hand Promotions, Inc. v. Albright*, No. 2:11-cv-2260 WBS CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) ("According to the court's own research, the paralegal rate favored in this district is $75 per hour."). The court finds that $100 an hour is a reasonable hourly rate for the work performed by Mr. Ragnes.

Accordingly, plaintiff is entitled to attorney fees in the amount of $3,661.47 (19.1 x $191.70) for work performed by Mr. Weems and paralegal fees in the amount of $440 (4.4 x $100), for a total amount of $4,101.47.

II. Payment of Fees to Plaintiff

The Commissioner requests that any fee award be made to plaintiff, not counsel. ECF No. 24 at 7-8. *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district regularly order payment directly to counsel so long as plaintiff does not have a debt that is subject to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010). Here, there is no indication that plaintiff assigned his right to EAJA fees to his attorney. Accordingly, the award should be paid directly to plaintiff.

/////

III.  Conclusion

   Based on the foregoing, the court finds that the plaintiff is entitled to fees in the amount of $4,101.47 and $48.04 for his reasonable expenses.  Accordingly, it is hereby ORDERED that:

   1. Plaintiff's motion for attorney's fees (ECF No. 22) is granted in part;

   2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $4,101.47;

   3. Plaintiff is awarded $48.04 for expenses and costs, with $5.00 in costs to be paid out of the Judgment Fund and the remaining $43.04 to be paid from the Commissioner's fund; and

   4. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff.

DATED:  December 20, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE